IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TMG ELECTRONICS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| TATTLETALE PORTABLE ALARM SYSTEMS, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff TMG Electronics, Inc., by its attorneys, Metz Lewis Brodman Must O'Keefe LLC, files the following Complaint.

## PARTIES

1. Plaintiff TMG Electronics, Inc. ("TMG") is a Delaware corporation with a principal place of business at 285 Kappa Drive, Pittsburgh, Allegheny County, Pennsylvania 15238, and all relevant activities occurred at TMG's former location, 1105 Pittsburgh Street, Cheswick, Allegheny County, Pennsylvania, 15024. At all times relevant hereto, TMG was authorized to conduct business in Pennsylvania pursuant to a certificate of authority issued by the Pennsylvania Department of State.

2. Defendant Tattletale Portable Alarm Systems, Inc. ("Tattletale") is an Ohio corporation with a principal place of business at 6269 Frost Road, Westerville, Franklin County, Ohio 43082.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the dispute is between citizens of different States and the amount in controversy exceeds $75,000.00.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2)-(3) because this District is where a substantial part of the events or omissions giving rise to the claims at issue here occurred, and/or this District is where Tattletale is subject to personal jurisdiction.

## FACTUAL BACKGROUND

5. TMG provides custom electronic assembly solutions to electronics manufacturers in a variety of industries, including the consumer electronics, telecommunications, and instrumentation industries.

6. Tattletale designs, produces, and markets digital cellular security systems for both consumer and commercial customers.

7. In or about December 2011, TMG and Tattletale entered into an agreement whereby TMG would assemble 10,000 Tattletale security system units on Tattletale's behalf, which Tattletale would then sell (both directly through its website and indirectly through a distributor) to consumers.

8. The general terms of the parties' agreement were set forth in a written Purchase Order (No. 688-2) dated December 15, 2011, a true and correct copy of which is attached hereto as Exhibit A.

9. The Purchase Order states that as of December 15, 2011, the parties revised the release schedule for the Tattletale units to "1,000 units released in January 2012 and 1,000 units released each month thereafter."

10. In reliance on Tattletale's representations and obligations regarding the 10,000 units it would purchase from TMG, as set forth in the Purchase Order, TMG began purchasing the component parts that comprise the Tattletale units to assemble the 10,000 units pursuant to the parties' contract.

11. TMG thereafter assembled the Tattletale security units in accordance with the parties' contract.

12. Tattletale, however, did not purchase the units that TMG had assembled at anything close to the 1,000-per-month rate to which the parties had agreed in the Purchase Order.

13. By the spring of 2015, Tattletale had still not purchased all of the units from the Purchase Order and TMG continued to hold the component parts that TMG was required to purchase to fulfill the Purchase Order.

14. Between March 4 and April 27, 2015, TMG shipped to Tattletale a total of 250 units which TMG had assembled in accordance with the parties' contract.

15. Tattletale accepted each of these 250 units.

16. TMG issued five separate invoices to Tattletale for these 250 units for a grand total of $47,327.90 ($47,547.50 for the five invoices minus a $219.60 credit). True and correct copies of the invoices are attached hereto as Exhibit B.

17. Of the original 10,000 assembled units that Tattletale had agreed to purchase from TMG, Tattletale has purchased only 4,967 units, leaving certain excess components which were needed to build up to 5,033 additional units at TMG's facility.

18. In June 2015, TMG and Tattletale entered into a written "Agreement" to address certain security system units which TMG had previously delivered to Tattletale. A true and correct copy of the June 2015 Agreement is attached hereto as Exhibit C.

19. The June 2015 Agreement did not relate to the 250 units which TMG had delivered to Tattletale and which Tattletale had accepted in the spring of 2015.

20. The June 2015 Agreement did not state or imply that Tattletale would not pay TMG for the 250 units which TMG had delivered and which Tattletale had accepted in the spring of 2015, or that it would not pay TMG for the units which were the subject of the June 2015 Agreement.

21. To date, and despite TMG's demand that it do so, Tattletale has failed and refused to pay the $47,327.90 owed to TMG for the outstanding invoices relating to the 250 units shipped in the spring of 2015.

22. Also, despite TMG's demand that it do so, Tattletale has failed and refused to pay TMG the amount it paid to purchase the component parts necessary in order for TMG to assemble the Tattletale security system units as set forth in the Purchase Order, which amount totals $282,156.22.

## COUNT I—BREACH OF CONTRACT

23. The averments of paragraphs 1 through 22 above are incorporated by reference.

24. The parties entered into a contract whereby TMG agreed to assemble and Tattletale agreed to pay for 10,000 Tattletale security system units.

25. TMG performed its obligations under the parties' contract, including but not limited to purchasing the component parts that made up the Tattletale security systems in order to assemble them and assembling them as per Tattletale's specifications.

26. In reliance on the parties' contract and Tattletale's representations regarding the number of units it would purchase from TMG, TMG expended $282,156.22 in purchasing certain components that comprise the Tattletale security system units.

27. In March and April 2015, TMG delivered 250 Tattletale security system units to Tattletale pursuant to the parties' contract.

28. Tattletale accepted these security system units.

29. To date, however, Tattletale has failed and refused to pay TMG the $47,327.90 that remains due and owing to TMG for the 250 security system units, despite TMG's requests and demands that it do so.

30. In addition, Tattletale has failed and refused to pay TMG the $282,156.22 it expended in purchasing certain component parts in order to assemble the Tattletale security system units.

31. Tattletale's failures and refusals to pay TMG these amounts constitute material breaches of the parties' contract.

32. As a direct and proximate result of Tattletale's material breaches, TMG has suffered damages in an amount in excess of $75,000.00.

WHEREFORE, Plaintiff TMG Electronics, Inc. respectfully requests that the Court enter judgment in its favor and against Defendant Tattletale Portable Alarm Systems, Inc. in an amount in excess of $75,000.00, and for such other and further relief as the Court deems just and proper.

## COUNT II—UNJUST ENRICHMENT

### *Pled in the Alternative to Count I*

33. The averments of paragraphs 1 through 32 above are incorporated by reference.

34. TMG conferred a benefit upon Tattletale in the form of the security system units which it assembled on Tattletale's behalf.

35. TMG conferred an additional benefit upon Tattletale in the form of paying for the component parts that make up the security system units which TMG was to assemble and did assemble on Tattletale's behalf in reliance upon Tattletale's representations that it would purchase the units assembled by TMG.

36. Tattletale appreciated such benefits by retaining and/or reselling the security system units assembled by TMG, and by retaining the monies TMG paid for the component parts.

37. It would be unjust for Tattletale to retain those benefits without compensating TMG for the benefits it conferred upon Tattletale.

38. As a direct and proximate result of Tattletale's unjust enrichment, TMG has suffered damages in an amount in excess of $75,000.00.

WHEREFORE, Plaintiff TMG Electronics, Inc. respectfully requests that the Court enter judgment in its favor and against Defendant Tattletale Portable Alarm Systems, Inc. in an amount in excess of $75,000.00, and for such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**

Plaintiff TMG Electronics, Inc. hereby demands a jury trial on all claims so triable.

Respectfully submitted,

METZ LEWIS BRODMAN MUST O'KEEFE LLC

Date:  December 20, 2016      By:   */s/ Justin T. Barron*
John R. O'Keefe, Jr. (PA I.D. No. 36633)
Justin T. Barron (PA I.D. No. 200394)
535 Smithfield Street, Suite 800
Pittsburgh, PA 15222
(412) 918-1100